## FORT WORTH & DENVER CITY R'Y. vs. J. M. SCOTT.

### IN COURT OF APPEALS, AUSTIN TERM, 1884.

°*Damage from Overflow of Water.*—The doctrine has been correctly laid down that, if by reason of the construction of road-bed and ditches, the surface water be diverted from its usual and ordinary course, and by means of embankments or ditches, such surface water is conveyed to any particular place and thereby overflows land which, before the construction of the road did not overflow, the company will be liable to the land owner for such injury. This rule applies as well where the company had the right-of-way over the land injured, as where it was a trespasser, or possessor without right. See the opinion in extenso on the question.

*Nuisance—Pleading.*—See the opinion for a rule concerning the allegation of nuisance, and for an assignment thereunder, held sufficient.

*Practice—Evidence.*—Objections to the admission of evidence cannot be consider-

ed when the evidence objected to is neither set out in the bill of exceptions, nor embraced in the statement of facts.

*Measure of Damages—Charge of the Court.*—The court charged in substance that if warranted by the evidence of the jury might find for the plaintiff the value of the corn injured estimating the value at the time of the injury; and that they might find the damage to the land, if any, the measure of which would be the difference in its value immediately before and after the injury; and that for the nuisance the damage recoverable was the amount which they believed the plaintiff had sustained. HELD, sufficient under the circumstances of this case. But see the opinion *in extenso* for specific rules on charges upon subjects of such character.

Appeal from Tarrant county.

Herman, Templeton & Carter, for appellant.

Furman & Capps and Hogsett & Green, for appellee.

Appellee brought this suit alleging in his petition in substance

1. That he was an owner of a tract of land upon which his homestead was situated, and a portion of which land he cultivated.

2. That appellant constructed its line of railway adjacent to said land in such a careless and negligent manner, by throwing up embankment, digging ditches, failing to provide culverts, sluices, etc., as to cause said land to overflow on the occasion of ordinary rains.

3. That prior to the construction of said railway, said land did not overflow, but was sufficiently drained by natural channels to prevent it from overflowing, but that said natural channels were filled up by appellant, in construction of its road, thereby diverting the flow of water upon appellee's said land.

4. That during the year 1882 a portion of his said cultivated land, about twenty acres thereof, was overflowed by water by reason of the negligent construction of said railway, and his crops growing thereon were damaged to the extent of $199.00, and the land damaged thereby to the extent of $200.00.

5. That appellant also dug a large and deep pit upon its right-of-way near appellee's residence which filled with water, and was allowed so to remain, and that the water therein became stagnant and unwholesome, and bred nauseous and offensive odors and insects, thereby creating a nuisance, and rendering appellees residence unhealthy and unpleasant, injuring the health and interfering with

the comfort of appellee and his family, whereby appellee was dama-
ged in the sum of $400.00.

Appellant answered by general demurrer, plea of not guilty, and
general denial. The general demurrer was overruled, and a trial
before a jury resulted in a verdict in favor of appellee for $285.00.
Judgment accordingly.

Appellant's first assignment of error is the overruling of his gen-
eral demurrer.

It is contended in support of this assignment, that the petition
shows no good cause of action, because it shows upon its face, that
the injury complained of was caused by *surface* water, and that such
injury is *damnum absque injuria.*

Without entering upon an examination of the numerous authori-
ties cited by appellant's counsel to sustain his proposition, it will be
sufficient for us to say, that this precise question has been settled
by the Supreme Court of this State, adversely to the doctrine con-
tended for by appellant's counsel. In the case of the G. C. & S. F.
R'y. Co. v. Donahoo, 59 Texas, Rep. 128. it is said that "if by rea-
son of the construction of the road bed and ditches the surface wa-
ter be diverted from its usual and ordinary course and by means of
embankments or ditches such surface water is conveyed to any par-
ticular place and thereby overflows land which, before the construc-
tion of the road, did not overflow, the company will be liable to the
land owner for such an injury." This rule it is said in the same
case applies as well where the company had the right-of-way over
the land injured, as where it was a tresspasser or possessor without
right.

In the case of the Texas Trunk R. R. Co. vs. Elam; W. & W.
Con. Rep. sec. 447, this court laid down the doctrine thus: "In the
case of the flow of more surface water, where there were no channels
through which it usually passed off, its obstruction would not occa-
sion damages which would be recoverable; but it is otherwise where
the flow through a water course or channel in which it usually flow-
ed is obstructed, to the injury of the premises."

In the case before us the allegations in the petitions, meet fully
the requirements of both the above cited cases. We think also, that
the allegations as to the nuisance show a good cause of action. Mr.
Wood in his work on Nuisance says : "If the act of the defendant
contributes essentially to the creation of the nuisance as by the erec-

tion of a dam which renders the water stagnant, or produces its overflow so as to cause it to gather in pools or eddies and become stagnant, or by raising it so as to cause the decay of vegitable matter up its banks, whereby unwholesome gases are developed, he is liable, even though natural causes combine with his act to produce the injury." Sec. 820.

We are of the opinion that the court did not err in overruling appellant's general demurrer to appellee's petition.

Appellant's second and third assignments of error relate to the charge of the court given to the jury, and to the refusal of the special charges asked by it. The principal objection made to the charge is, that it did not instruct the jury correctly as to the proper measure of damage.

In substance, the jury were told by the charge, that if the evidence warranted it, they might find for the plaintiff the value of the corn injured estimating the value at the time of the injury; and that they might find the damage, if any done, to the land, the measure of which damage would be the difference in the value in said land before the injury and its value immediately thereafter. And that, for the nuisance complained of, the damage recoverable was the amount which in the judgment of the jury, the plaintiff had sustained. The specific objections made to the charge are

1. That it does not instruct the jury that the *value* of the corn injured, and the value of the land, must be *market* value.

2. That the corn crops upon the land was a part of the land and injury to it, was an injury to the land, and such injury should not have been estimated separately.

In regard to the first objection, it is true that the *market value* is the proper guide in estimating such damages, and the charge of the court would have been more strictly accurate, if it had so instructed the jury. (Williams v. R. R. Co. ; W. & W. Con. Rep., sec. 250.)

But whilst the charge in this particular obnoxious to criticism, we think the error is of so slight a character when considered with reference to the facts of this case as to render it immaterial. It is not even probable that the jury was misled by the error. Besides the witnesses testified as to the value of this property and this testimony when fairly construed had reference alone to its market value. (R. R. Co. v. Knapp, 51 Texas, 592.

As to the second objection, whilst it is true that damage to the crop was damage to the land, and must be estimated as such. (R. R. Co. v. Malone; W. & W. Con. Rep., sec, 232.) We cannot perceive that this rule has been infringed by the charge of the court in instructing separately as to the injury done to the corn crop. In estimating the damage to the land it was proper to take into consideration the damage done to the corn crop growing upon it, and it could practically make no difference in the result whether this was done separately or in the aggregate. We are unable to understand how appellant could have been prejudiced by the charge in this respect.

Taken as a whole and with reference to the facts in the case we think the charge of the court embraced substantially the law of the case, and it was as favorable to the appellant, as it could reasonably expect. There is no error in the charge, such as in our judgment would warrant us in setting aside the judgment. And the charge being full and fair upon all the issues, there was no error in refusing to give the additional instructions requested by appellant. (Austin City Water Company vs. Capitol Ice Co.; W. & W. Con. Rep., sec. 1133.)

After a careful examination of the statement of facts, we think the verdict of the jury is fully supported by the evidence.

There being no error in the record which should cause the judgment to be reversed the same is affirmed.

Affirmed. Willson, Judge.